UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

RECEIPT # _____

AMOUNT $ _____
SUMMONS ISSUED _____
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE _____

2005 JAN 26  P 2: 1 1

U.S. DISTRICT COURT
DISTRICT OF MASS.

OAD, LLC,

                Plaintiff,

v.

SYDNEY, INC., d/b/a OAD MIDWEST,
WALSTROM GROUP, INC., GARY W.
WALSTROM, and CECELIA BRUENING,

                Defendants.

)
)
)
)
)
)
)
)
)
)
)

CIVIL ACTION NO.

**05 CV 10150 RCL**

MAGISTRATE JUDGE _____

## NOTICE OF REMOVAL

**TO:**   **CLERK OF COURT**
       **U.S. DISTRICT COURT for the DISTRICT OF MASSACHUSETTS**

PLEASE TAKE NOTICE that defendants Sydney, Inc., d/b/a OAD Midwest, Walstrom

Group, Inc., Gary W. Walstrom, and Cecelia Bruening (the "Defendants") hereby file this Notice

of Removal, pursuant to 28 U.S.C. § 1446(b), and respectfully state that the grounds for removal

are as follows:

1.     On or about November 15, 2004, Plaintiff commenced a civil action entitled

OAD, LLC v. Sydney, Inc., d/b/a OAD Midwest, Walstrom Group, Inc., Gary W. Walstrom,

Cecelia Breuning (sic)[1], Civil Action No. 04-1381B (the "Action"), in Massachusetts Superior

Court, Plymouth County.  Service of the Complaint, Summons and Civil Action sheet was made

in accordance with the Massachusetts Rules of Civil Procedure on January 5, 2005.  True and

accurate copies of the Complaint, Summons, Civil Action Cover Sheet, Plaintiff's Motion for

Preliminary Injunction, Affidavit of Michael Gray, Memorandum in Support of Plaintiff's

---

[1] In Plaintiffs' original Complaint, Defendant Cecelia Bruening's surname is incorrectly spelled as "Breuning."  Defendants refer the Court to her name's proper spelling.

Motion for Preliminary Injunction and Order of Notice are attached hereto as Exhibit A.

2.      Upon information and belief, Plaintiff OAD, LLC is a Massachusetts corporation with a principal place of business at 168 High Street, Norwell, Massachusetts.

3.      Defendant Sydney, Inc., d/b/a OAD Midwest ("Sydney") is a Nebraska corporation organized under the laws of the state of Nebraska, with a principal place of business at 1241 West 67th Street, Kansas City, Missouri.

4.      Defendant Walstrom Group, Inc. ("Walstrom Group") is a Missouri corporation organized under the laws of the state of Missouri, with a principal place of business at 1241 West 67th Street, Kansas City, Missouri.

5.      Defendant Gary W. Walstrom ("Walstrom") is an individual who resides in Kansas City, Missouri.

6.      Defendant Cecelia Bruening ("Bruening") is an individual who resides in Kansas City, Missouri.

7.      In its Complaint, Plaintiffs allege that Defendants 1) breached contracts for the distribution and promotion of OAD's personnel and organizational survey and training management materials, and 2) violated non-solicitation provisions of those contracts. Plaintiffs also allege that Defendant Walstrom breached a fiduciary duty to OAD, and defamed OAD to OAD's clients. Plaintiffs seek injunctive relief, damages for the complained-of conduct, interests, costs, and attorneys' fees.

8.      This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because the parties are of diverse citizenship and, based on a reasonable reading of the Complaint, the amount in controversy exceeds $75,000, exclusive of interest and costs.

9.      This Notice of Removal is being filed within thirty (30) days of Defendants' receipt of the Complaint and Summons, as required by 28 U.S.C. § 1446(b).

10.    Defendants have, on this January 26, 2005 sent copies of this Notice of Removal to Plaintiff's counsel and to the Clerk of the Massachusetts Superior Court, Plymouth County, to be filed with that Court, pursuant to 28 U.S.C. § 1446(d).

11.    By filing this Notice of Removal, the appearing Defendants do not waive any defenses or rights that may be available to them.

Pursuant to Local Rule 81.1 of this Court, within thirty (30) days Defendants will file with the Clerk of the Court certified or attested copies of all records and proceedings in the State Court and a certified or attested copy of all docket entries there.

WHEREFORE, Defendants hereby remove the Action from the Superior Court Department of the Trial Court for the Commonwealth of Massachusetts, Plymouth County, to the United States District Court for the District of Massachusetts, and respectfully requests that this Court take jurisdiction of this civil action to the exclusion of any further proceedings in the Massachusetts state courts.

Respectfully submitted,

SYDNEY, INC., d/b/a OAD MIDWEST,
WALSTROM GROUP, INC., GARY W.
WALSTROM, and CECELIA BRUENING

By their attorneys

January 26, 2005

Ira K. Gross (Board of Bar Overseers
    Number 212720)
Nicholas M. O'Donnell (Board of Bar Overseers
    Number 657950)
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, MA  02109
(617) 338-2800

I hereby certify that a copy of the above document
was served on counsel of record for all parties
by hand/regular on ___1/26/05___.

3

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.

SUPERIOR COURT DEPARTMENT OF
THE TRIAL COURT OF THE
COMMONWEALTH
CIVIL ACTION NO. *04-1381*

.................................................................., Plaintiff(s)

OAD LLC

vs.

Sydney, Inc., d/b/a OAD Midwest, Walstrom Group, Inc.,
Gary W. Walstrom, Cecelia Breuning.................., Defendant(s)

## SUMMONS

To the above-named defendant: Gary W. Walstrom

You are hereby summoned and required to serve upon Martin P. Desmery, Esq.... plaintiff attorney, whose address is Craig and Macauley P.C., 600 Atlantic Avenue, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Plymouth either before service upon plaintiff    attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff OAD LLC which arises out of the transaction or occurrence that is the subject matter of the plaintiff    claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse Esquire, at Plymouth the ...............29th...................................day of ...December.............................................., in the year of our Lord Two thousand and ......Four........ .

CLERK.

NOTES
1.  This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2.  When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3.  To the plaintiff's attorney: please circle type of action involved-Tort-Motor Vehicle Tort-Contract- Equitable Relief-Other.

### PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ..............................................., 2004, I served a copy of the within summons together with a copy with a copy of the complaint in this action, upon the within-named defendant    , in the following manner(See Mass. R. Civ. P. 4(d)(1-5):....................................................................................

...............................................................................................................................................................

...............................................................................................................................................................

Dated: ............................, 2004...........................................................................................................

N.B.    TO PROCESS SERVER:-
PLEASE PLACE DATE YOU MAKE SERVICE  ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

|  | , | 2004 |
|---|---|---|

NOTICE TO DEFENDANT – You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office at Plymouth.

CIVIL ACTION
COVER SHEET

04-1381 B

Superior Court Department
County: PLYMOUTH

PLAINTIFF(S)

OAD LLC

DEFENDANT(S)

Sydney, Inc., d/b/a OAD Midwest

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE
Martin F. Desmery, Esq., Craig & Macauley,
600 Atlantic Ave., Boston, MA 02210
(617) 367-9500
Board of Bar Overseers number: 550133

ATTORNEY (if known)

NOV 1 5 2004

COPY

PLYMOUTH SUPERIOR COURT

## Origin code and track designation

Place an x in one box only:

[X] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. C.231,s.104
      (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct.C.231,s.102C (X)

[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO.        TYPE OF ACTION (specify)     TRACK     IS THIS A JURY CASE?

A01             Breach of Contract       ( F )      ( X ) Yes    (  ) No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A.  Documented medical expenses to date:
    1.  Total hospital expenses .................................................. $ .............
    2.  Total Doctor expenses ..................................................... $ .............
    3.  Total chiropractic expenses ............................................. $ .............
    4.  Total physical therapy expenses ....................................... $ .............
    5.  Total other expenses (describe) ........................................ $ .............

B.  Documented lost wages and compensation to date                Subtotal $ .............
C.  Documented property damages to date .................................... $ .............
D.  Reasonably anticipated future medical and hospital expenses ........ $ .............
E.  Reasonably anticipated lost wages ....................................... $ .............
F.  Other documented items of damages (describe)                          $ .............

G.  Brief description of plaintiff's injury, including nature and extent of injury (describe)     $ .............

                                                                          $ .............
                                                              TOTAL $ .............

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

    Plaintiff seeks to recover damages and declaratory judgment in connection with Defendant's breach of contract.

                                                       TOTAL $. $50,000.00 over ....

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record

DATE: 11/12/04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

RECEIVED

DEC 2 1 2004

PLYMOUTH SUPERIOR COURT

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.

SUPERIOR COURT
C.A. No. 04-1381B

|  |  |
|---|---|
| OAD LLC, | ) |
| Plaintiff, | ) |
| v. | ) |
| SYDNEY, INC., d/b/a OAD MIDWEST, WALSTROM GROUP, INC., GARY W. WALSTROM, CECELIA BREUNING, | ) |
| Defendants. | ) |

**COPY**

## AMENDED COMPLAINT AND JURY DEMAND

Plaintiff OAD LLC ("OAD") commences this action against the above-captioned defendants for declaratory relief, injunctive relief, and an accounting. OAD also seeks to recover damages arising from certain breaches of fiduciary duties and breaches of contract.

## PARTIES

1.  OAD is a Massachusetts limited liability company with a principal place of business located at 168 High Street, Norwell, Massachusetts.

2.  Sydney, Inc., d/b/a OAD Midwest ("Sydney"), is a Missouri corporation with a principal place of business located at 1241 W. 67th Street, Kansas City, Missouri.

3.    The Walstrom Group, Inc. ("Walstrom Group") is a Missouri corporation with a principal place of business located in Kansas City, Missouri.

4.    Gary Walstrom ("Walstrom") is an individual who resides in Kansas City, Missouri.

5.    Cecelia Bruening ("Bruening") is an individual who resides in Kansas City, Missouri.

6.    On information and believe, Walstrom and Bruening are married; and they are the direct or indirect owners of both Sydney and Walstrom Group.  In addition, Walstrom is a member and manager of OAD.

## JURISDICTION

7.    This Court has jurisdiction over each of the defendants pursuant to Mass. Gen. L. ch. 223A, § 3 because they transacted business or caused tortuous injury in the Commonwealth.  Moreover, this suit specifically relates to the parties' rights and obligations under certain written contracts, which expressly vest exclusive jurisdiction in the courts of Massachusetts.

## STATEMENT OF UNDERLYING FACTS

8.    On or about July 10, 2002, Walstrom and a Massachusetts resident named Michael Gray ("Gray") formed OAD as a Massachusetts company.  OAD is in the business of conducting personnel and organizational surveys and

2

training management in the interpretation and application of such surveys.

9.   Gray holds the copyright on the intellectual property used by OAD; namely, the survey, research, data, scoresheets, seminar notebooks, and other materials used in connection with the business.

10.   Gray agreed to license his intellectual property to OAD and manage the overall affairs of the business from his office in Massachusetts. Walstrom in turn agreed to act as a "Master Distributor," who would actively recruit and develop new distributors for OAD throughout most of the continental United States. Walstrom also agreed to be OAD's distributor in Missouri.

11.   On or about July 12, 2002, OAD and Walstrom entered into a Master Distributor Agreement, which Walstrom chose to execute as a duly authorized officer of Walstrom Group. On information and belief, Walstrom Group is owned or controlled entirely by Walstrom.

12.   On or about July 18, 2002, OAD and Walstrom entered into a Distributor Agreement, which Walstrom's wife, Cecelia Bruening, executed as a duly authorized officer of Sydney. On information and belief, Sydney is owned or controlled entirely by Walstrom.

3

13.  Walstrom effectively abandoned his role as Master Distributor in or around December of 2003.  In March of 2004, Walstrom declared that he no longer intended to assist Gray in growing the business of OAD.  Instead, Walstrom began to transition OAD's clients to his own accounts and eventually ceased all activities on OAD's behalf.

14.  As part of his scheme to usurp OAD's business opportunities for his own benefit, Walstrom purportedly resigned from Sydney and transferred his interest in OAD to Sydney, which is now owned by Bruening or other family members.  Walstrom did not advise OAD of these events until November 12, 2004, by which time he was actively engaged in the process of competing with OAD for the clients that he previously handled on behalf of the close corporation.

15.  As part of his competitive efforts, Walstrom has contacted OAD's clients and advised them, among other things, that (a) OAD is experiencing financial troubles and is not expected to survive, and (b) Walstrom's new program is superior to the products and services that he previously distributed on behalf of OAD.

16.  By email dated November 3, 2004, OAD provided Sydney and Walstrom with an immediate declaration of termination of the distributor agreement pursuant to §§

4

12.02(c) and 12.02(e) thereof.  In addition, OAD advised Sydney and Walstrom of their obligations under § 12.03(a) of the agreement to return all OAD and JAQ materials to OAD immediately, as well as their obligation under § 13.02 to refrain from directly or indirectly soliciting OAD's clients during the 12-month period following termination.

## COUNT ONE
### Declaratory Judgment

17.    OAD repeats and incorporates by reference each of the allegations set forth above as if fully stated herein.

18.    An actual controversy exists between OAD and Sydney with respect to Sydney's performance under the Distributor Agreement.  Specifically, OAD contends that Sydney breached the following provisions:

§ 8.01 - nonpayment of annual royalties and OAD's portion of Distributor billings.

§ 8.04 - nonpayment of material purchases.

§ 9.01(b) - Selling product(s) competitive with the OAD Program.

§ 9.01(d) - Using materials in connection with the OAD Program without the express permission of OAD.

§ 9.01( f) -  Failing to execute or supply OAD with standard client agreement and seminar agreement forms.

§ 9.01(g) - Training people in the OAD Management Seminar who are not bona fide employees; and failing to provide OAD with fully executed copies of seminar agreement forms.

§ 10.01 – Failing to provide OAD with accurate and complete records.

19.  An actual controversy also exists with respect to § 13.02 of the Distributor Agreement, which provides as follows:

> Upon termination of this Agreement for any reason, [Sydney] covenants and agrees that it will not solicit, directly or indirectly, any party who was a client of OAD LLC at any time during the Twelve (12) months preceding the date of termination for the purpose of selling to such person a personnel assessment or evaluation Program similar to or competitive with the OAD Program.  A covenant similar to the foregoing covenant in favor of OAD LLC shall be executed and delivered to OAD LLC by each and every director, officer, and employee of [Sydney].

20.  Walstrom and Sydney have failed to acknowledge their defaults under the applicable agreements, to return all OAD and JAQ materials, and to refrain from soliciting OAD's clients.  Accordingly, OAD is entitled to a declaration of its rights, as well as the obligations of Sydney, Walstrom and Bruening, with respect to the termination of the distributor agreement.

## COUNT TWO
### Breach of Contract

21.  OAD repeats and incorporates by reference each of the allegations set forth above as if fully stated herein.

22.  Sydney and Walstrom Group have breached their obligations to OAD under the above agreements.

6

23.    OAD has suffered damages as a result of the breaches of Sydney and Walstrom Group.

24.    OAD is entitled to recover damages against Sydney and Walstrom Group, plus interest, costs and attorneys' fees.

COUNT THREE
Breach of Fiduciary Duty

25.    OAD repeats and incorporates by reference each of the allegations set forth above as if fully stated herein.

26.    OAD is a close corporation, with only two equity members - Walstrom (23%) and Michael Gray (77%).

27.    As a member and manager of OAD, Walstrom owes a fiduciary duty of the utmost good faith and loyalty to the corporation.

28.    Walstrom has breached his fiduciary duty to OAD by, among other things: (a) soliciting OAD's clients for his own benefit; (b) usurping corporate opportunities; (c) falsely representing to OAD's clients that OAD's program is inferior to products and services offered by competitors; (d) playing corporate shell games; (e) withholding monies owed to OAD; (f) refusing to permit OAD to audit his books and records; and (g) otherwise acting in a manner designed to damage the economic interests of OAD.

29.  OAD has suffered damages as a direct result of Walstrom's breaches of fiduciary duty.

## COUNT FIVE
### Promissory Estoppel

30.  OAD repeats and incorporates by reference each of the allegations set forth above as if fully stated herein.

31.  Walstrom and Bruening promised not to solicit, directly or indirectly, any person or entity who was a client of OAD during the 12-month period following the termination the Distributor Agreement, as evidenced by Section 13.02 thereof.

32.  In making such promises, Walstrom and Bruening, reasonably should have expected to induce OAD to enter into the Distributor Agreement and provide them with OAD's trade secrets and confidential information.

33.  Injustice can be avoided only by enforcing the non-solicitation agreements of Walstrom and Bruening.

## COUNT SIX
### Defamation

34.  OAD repeats and incorporates by reference each of the allegations set forth above as if fully stated herein.

35.  On information and belief, Walstrom has been advising OAD's clients that OAD is bankrupt, that OAD is about to go out of business, and that OAD's program is

8

inferior to the products and services currently offered by Walstrom.

36.  Walstrom's malicious publication of these false statements has injured OAD's reputation in general and caused particular clients to refrain from purchasing OAD's goods and services.

37.  OAD has suffered damages as a direct result of Walstrom's defamatory statements.

## COUNT SEVEN
## Injunctive Relief

38.  OAD repeats and incorporates by reference each of the allegations set forth above as if fully stated herein.

39.  Pursuant to the distributor agreement, Sydney and its principals (i.e., Walstrom and Bruening) expressly acknowledged and agreed that (a) the OAD Program and related materials constitute confidential trade secrets of OAD, which must be maintained in the strictest confidence, (b) all OAD Program software disks and related materials must be returned to OAD immediately upon termination of the agreement in order to protect the confidentiality of OAD's trade secrets, and (c) neither Sydney nor any of its officers, directors, and employees shall directly or indirectly solicit any party who was a client of OAD at any time during the 12 months preceding the date of termination

9

to purchase a similar or competing personnel assessment or evaluation program.

40. On information and belief, Sydney, Walstrom and Bruening have violated their confidentiality and non-solicitation agreements.

41. OAD has been or will be irreparably harmed by the defendants' misconduct as the protection of its trade secrets and client base is critically important to the viability of its business.

42. OAD has a high likelihood of success on the merits of its non-solicitation claims against Sydney, Walstrom and Bruening. Thus, OAD is entitled to an injunction which, among other things, requires the defendants (a) to immediately return the relevant materials to OAD, (b) to refrain from soliciting OAD's clients, (c) to provide OAD with a full and complete accounting of its activities.

WHEREFORE, OAD respectfully requests the entry of judgment against the defendants for (a) all damages suffered as a result of their misconduct, including interest, costs and attorneys' fees, (b) the injunctive relief set forth above, and (c) such other relief as the Court deems just and proper.

10

OAD REQUESTS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE

OAD LLC,

By its attorneys,

CRAIG AND MACAULEY
  PROFESSIONAL CORPORATION

Martin P. Desmery (BBO 550133)
Craig and Macauley
  Professional Corporation
Federal Reserve Plaza
600 Atlantic Avenue
Boston, Massachusetts 02210
(617) 367-9500

11

# Commonwealth of Massachusetts
## County of Plymouth
## The Superior Court

CIVIL DOCKET# **PLCV2004-01381-B**

OAD LLC

vs.

Sydney, Inc., Walstrom Group, Inc., Gary W. Walstrom, Cecelia Bruening

## ORDER OF NOTICE

To the above-named Defendants:

**YOU ARE HEREBY NOTIFIED** that Motion has been made in said action, as appears in the motion of the Plaintiff, for a preliminary injunction and that a hearing upon such motion will be held at the court house at said Plymouth, on **01/31/2005 A.D. at 02:00 PM in CtRm 1 (Court Street, Plymouth)** (Plymouth), at which time you may appear and show cause why such Motion should not be granted.

**Witness, Barbara J. Rouse,** Esquire, Chief Justice of the Superior Court, at Plymouth, Massachusetts this 21st day of January, 2005.

.............................................................................

Assistant Clerk

## RETURN

Plymouth, ss.                                                           Date:............................................
    I hereby certify and return that on ............................. I served a copy of the within summons, together with a copy of the Complaint in this action, upon the within-named defendant, in the following manner (See Mass.R.Civ.P. 4(d) (1-5):

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.

SUPERIOR COURT
C.A. No. 04-1381B

```
OAD LLC,                          )
                                  )
        Plaintiff,                )
                                  )
v.                                )
                                  )
SYDNEY, INC., d/b/a               )
OAD MIDWEST, WALSTROM GROUP,      )
INC., GARY W. WALSTROM,           )
CECELIA BREUNING,                 )
                                  )
        Defendants.               )
                                  )
```

COPY

## PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Plaintiff OAD LLC ("OAD") hereby moves, pursuant to Mass. R. Civ. P. 65(b), for entry of the following preliminary injunction against defendants Sydney, Inc., d/b/a OAD Midwest, The Walstrom Group, Inc., Gary W. Walstrom, and Cecelia Bruening:

A.    That defendants Gary W. Walstrom, Cecelia Bruening, The Walstrom Group, Inc., and Sydney, Inc., d/b/a OAD Midwest, their respective officers, directors, agents, servants, employees, pledgees, assignees, nominees, trustees, attorneys, subsidiaries and affiliates, and all persons in active concert or participation with them who receive actual notice of the Order shall:

1.    immediately return to OAD LLC any and all unused OAD Program software disks and other materials in their possession, including all OAD Organization Surveys, JAQ Questionnaires, training materials, and all other written materials pertaining to or relating to the OAD Program, whether or not provided by OAD LLC;

2.   provide OAD LLC and/or its accountants immediate access to the books and records of both The Walstrom Group, Inc. and Sydney, Inc., d/b/a OAD Midwest; and

3.   Until November 3, 2005, refrain from soliciting, directly or indirectly, any party who was a client of OAD LLC at any time during the twelve (12) months preceding November 3, 2004 for the purpose of selling to such person or entity a personnel assessment or evaluation Program similar to or competitive with the OAD Program.

4.   Until November 3, 2005, refrain from using or logging on to the OAD Website for the purpose of training, supporting or otherwise assisting any party who was a client of OAD LLC at any time during the twelve (12) months preceding November 3, 2004.

In support of its request for injunctive relief, OAD directs the Court's attention to the Affidavit of Michael Gray and its supporting memorandum of law, both of which are filed contemporaneously herewith.

## CONCLUSION

For the reasons stated and upon the authorities cited in its accompanying memorandum of law, plaintiff OAD LLC respectfully requests that the Court enter the above-stated preliminary injunction.

OAD LLC,

By its attorneys,

CRAIG AND MACAULEY
PROFESSIONAL CORPORATION

Dated: January 20, 2005

Martin P. Desmery (BBO# 550133)
Daniel C. Reiser (BBO# 638204)
Craig and Macauley
 Professional Corporation
Federal Reserve Plaza
600 Atlantic Avenue
Boston, Massachusetts 02210
(617) 367-9500

2

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

OAD LLC

2005 JAN 26 P 2:1

**(b)** County of Residence of First Listed Plaintiff    Plymouth
(EXCEPT IN U.S. PLAINTIFF CASES) DISTRICT COURT
DISTRICT OF MASS.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

CRAIG AND MACAULEY, Federal Reserve Plaza, 600 Atlantic Avenue, Boston, MA 02210, 617-367-9500 (see attachment)

## DEFENDANTS

SYDNEY, INC., d/b/a OAD MIDWEST, WALSTROM GROUP, INC., GARY W. WALSTROM, and CECELIA BRUENING

County of Residence of First Listed Defendant    out-of-state
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

SULLIVAN & WORCESTER LLP, One Post Office Square, Boston, MA 02109, 617-338-2800 (see attachment)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1   U.S. Government Plaintiff | ☐ 3   Federal Question (U.S. Government Not a Party) |
| ☐ 2   U.S. Government Defendant | ☒ 4   Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☒ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | | Appeal to District |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332

Brief description of cause:
Contract dispute among citizens of different states

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**
See attachment

CHECK YES only if demanded in complaint:

**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE   January 26, 2005

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

CIVIL COVER SHEET ATTACHMENT

I. (c)    For the Defendants:  SULLIVAN & WORCESTER LLP
                      One Post Office Square
                      Boston, MA 02109
                      (617)-338-2800
                      by Ira K. Gross and Nicholas M. O'Donnell

          For the Plaintiff:  CRAIG AND MACAULEY P.C.
                      Federal Reserve Plaza
                      600 Atlantic Avenue
                      Boston, MA 02210
                      (617) 367-9500
                      by Martin P. Desmery and Daniel C. Reiser

VII.  Demand:  Plaintiff demands injunctive relief and damages, although nowhere in the
Complaint is any amount of requested damages specified.  The state court civil cover sheet
references "declaratory relief" and damages "over $50,000." As noted in the accompanying
Notice of Removal, defendants believe that the combined relief requested would exceed $75,000.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

*FILED
IN CLERKS OFFICE*

*2005 JAN 26  P 2: 11*

*U.S. DISTRICT COURT
DISTRICT OF MASS.*

1.  Title of case (name of first party on each side only)  OAD LLC v. Sydney, Inc., d/b/a OAD Midwest

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    [ ]  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    [ ]  II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
               740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.      for patent, trademark or copyright cases

    [✓]  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
               315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
               380, 385, 450, 891.

    [ ]  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
               690, 810, 861-865, 870, 871, 875, 900.

    [ ]  V.    150, 152, 153.

3.  Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                                        YES [ ]      NO [✓]

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC §2403)

                                                                        YES [ ]      NO [✓]

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                                        YES [ ]      NO [ ]

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                                        YES [ ]      NO [✓]

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

                                                                        YES [✓]      NO [ ]

    A.  If yes, in which division do all of the non-governmental parties reside?

        Eastern Division [✓]        Central Division [ ]        Western Division [ ]

    B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

        Eastern Division [ ]        Central Division [ ]        Western Division [ ]

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

                                                                        YES [✓]      NO [ ]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME  Ira K. Gross and Nicholas M. O'Donnell

ADDRESS  SULLIVAN & WORCESTER LLP, One Post Office Square, Boston, MA 02109

TELEPHONE NO.  (617) 338-2800

(Coversheetlocal.wpd - 10/17/02)

Attachment to Civil Category Sheet

Plymouth Superior Court Docket Entry No. 4:  Plaintiff OAD LLC Motion for Preliminary
Injunction under Counts 1 through 4

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


CLERK'S NOTICE


This document can not be scanned due to its size, or the way in which it was bound.

The original is available for viewing in the Clerk's Office.