UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
OAD LLC,                            )
                                    )
    Plaintiff,                     )
                                    )
v.                                  )   CIVIL ACTION NO. 05-10150(RCL)
                                    )
SYDNEY, INC., d/b/a                 )
OAD MIDWEST, WALSTROM GROUP,        )
INC., GARY W. WALSTROM,             )
CECELIA BREUNING,                   )
                                    )
    Defendants.                    )
_____)
                                    )
SYDNEY, INC., d/b/a                 )
OAD MIDWEST, WALSTROM GROUP,        )
INC., GARY W. WALSTROM,             )
CECELIA BREUNING,                   )
                                    )
    Counterclaim Plaintiffs,       )
                                    )
v.                                  )
                                    )
OAD LLC and MICHAEL GRAY,           )
                                    )
    Counterclaim Defendants.       )
_____)

REPLY TO COUNTERCLAIMS OF
COUNTERCLAIM DEFENDANTS OAD LLC AND MICHAEL GRAY

    Counterclaim defendants OAD LLC ("OAD") and Michael Gray ("Gray")(collectively, the "Counterclaim Defendants") reply to the counterclaims (the "Counterclaim") asserted against them in the captioned action as follows:

1. The Counterclaim Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.

2. The Counterclaim Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2.

3. The Counterclaim Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3.

4. The Counterclaim Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4.

5. The Counterclaim Defendants admit the allegations in paragraph 5.

6. The Counterclaim Defendants admit the allegations in paragraph 6.

7. The Counterclaim Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7.

8. The Counterclaim Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.

9. The Counterclaim Defendants admit the allegations in the first three sentences of paragraph 9. The Counterclaim

Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9.

10. The Counterclaim Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 10. The Counterclaim Defendants deny the remaining allegations in paragraph 10.

11. The Counterclaim Defendants admit that OAD and defendant/counterclaim plaintiff the Walstrom Group, Inc. entered into a Master Distributor Agreement on our about July 12, 2002 and that a copy of that agreement appears to be attached to the Counterclaim.

12. The Counterclaim Defendants admit that defendants/counterclaim plaintiffs Gary W. Walstrom and Cecelia Breuning, through defendant/counterclaim plaintiff Sydney, Inc., entered into a Distributor Agreement on or about July 18, 2002 and that a copy of that agreement appears to be attached to the Counterclaim. As to the remaining allegations in paragraph 12, the Counterclaim Defendants state that the Distributor Agreement speaks for itself, and to the extent that the allegations of paragraph 12 are inconsistent with the language of that document, the Counterclaim Defendants deny such allegations.

13. The Counterclaim Defendants admit the allegations in paragraph 13.

14. The Counterclaim Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 14. As to the remaining allegations in paragraph 14, the Counterclaim Defendants state that the January 20, 2004 email speaks for itself, and to the extent that the allegations of paragraph 14 are inconsistent with the language of that document, the Counterclaim Defendants deny such allegations.

15. The Counterclaim Defendants state that the April 29, 2004 email speaks for itself, and to the extent that the allegations of paragraph 15 are inconsistent with the language of that document, the Counterclaim Defendants deny such allegations.

16. The Counterclaim Defendants deny the allegations in paragraph 16.

17. The Counterclaim Defendants deny the allegations in paragraph 17.

18. The Counterclaim Defendants deny the allegations in paragraph 18.

19. The Counterclaim Defendants deny the allegations in paragraph 19.

20. The Counterclaim Defendants state that the December 16, 2003 email speaks for itself, and to the extent that the allegations of paragraph 20 are inconsistent with the language of that document, the Counterclaim Defendants deny such allegations. The Counterclaim Defendants deny the remaining allegations in paragraph 20.

21. The Counterclaim Defendants state that the December 19, 2003 email speaks for itself, and to the extent that the allegations of paragraph 21 are inconsistent with the language of that document, the Counterclaim Defendants deny such allegations. The Counterclaim Defendants deny the remaining allegations in paragraph 21.

22. The Counterclaim Defendants state that the January 8, 2004 email speaks for itself, and to the extent that the allegations of paragraph 22 are inconsistent with the language of that document, the Counterclaim Defendants deny such allegations. The Counterclaim Defendants deny the remaining allegations in paragraph 22.

23. The Counterclaim Defendants deny the allegations in paragraph 23.

24. The Counterclaim Defendants deny the allegations in paragraph 24.

25. The Counterclaim Defendants state that the November 5, 2004 email speaks for itself, and to the extent that the

allegations of paragraph 25 are inconsistent with the language of that document, the Counterclaim Defendants deny such allegations.  The Counterclaim Defendants deny the remaining allegations in paragraph 25.

26.  The Counterclaim Defendants admit to sending to other OAD clients emails similar to the email referenced in paragraph 25.  The Counterclaim Defendants deny the characterization of such emails stated in paragraph 26 and otherwise deny the remaining allegations in paragraph 26.

27.  The Counterclaim Defendants incorporate by reference their responses to the allegations in paragraphs 1 to 26 above.

28.  The Counterclaim Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28.

29.  The Counterclaim Defendants deny the allegations in paragraph 29.

30.  The Counterclaim Defendants deny the allegations in paragraph 30.

31.  The Counterclaim Defendants deny the allegations in paragraph 31.

32.  The Counterclaim Defendants deny the allegations in paragraph 32.

33.  The Counterclaim Defendants incorporate by reference their responses to the allegations in paragraphs 1 to 32 above.

34. The Counterclaim Defendants deny the allegations in paragraph 34.

35. The Counterclaim Defendants deny the allegations in paragraph 35.

36. The Counterclaim Defendants deny the allegations in paragraph 36.

37. The Counterclaim Defendants incorporate by reference their responses to the allegations in paragraphs 1 to 36 above.

38. The Counterclaim Defendants deny the allegations in paragraph 38.

39. The Counterclaim Defendants deny the allegations in paragraph 39.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The captioned counterclaim plaintiffs (the "Counterclaim Plaintiffs") have failed to state a claim against the Counterclaim Defendants upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

If the Counterclaim Plaintiffs had any cause of action against the Counterclaim Defendants, which the Counterclaim Defendants deny, the Counterclaim Plaintiffs have waived the same by their own conduct.

### THIRD AFFIRMATIVE DEFENSE

Some or all of the Counterclaim Plaintiffs' claims are barred by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Count Two of the Counterclaim is barred due to the Counterclaim Plaintiffs' prior material breach of their agreements with OAD.

### FIFTH AFFIRMATIVE DEFENSE

The Counterclaim Plaintiffs may not recover part or all of the damages claimed because they failed to mitigate damages.

### SIXTH AFFIRMATIVE DEFENSE

Count One of the Counterclaim fails to alleged with the required particularity that the Counterclaim Plaintiffs made demand on OAD prior to asserting their Counterclaims, and therefore the allegations of Count One fail to state a claim upon which relief may be granted.

### SEVENTH AFFIRMATIVE DEFENSE

Count One of the Counterclaim fails to alleged with the required particularity that the Counterclaim Plaintiffs made demand on OAD prior to asserting their Counterclaims, and therefore the allegations of Count One fail to satisfy the requirements of Mass. Gen. L. ch. 156D, §§ 7.40 through 7.47.

### EIGHTH AFFIRMATIVE DEFENSE

Count One of the Counterclaim is barred due to the Counterclaim Plaintiffs' failure to comply with the dictates of Rule 23.1 of the Massachusetts Rules of Civil Procedure.

### NINTH AFFIRMATIVE DEFENSE

The Counterclaim Plaintiffs cannot maintain the claims asserted in Count One of the Counterclaim because they do not and cannot fairly and adequately represent the interests of OAD.

### TENTH AFFIRMATIVE DEFENSE

To the extent that the Counterclaim Plaintiffs, or any of them, participated in the transactions at issue in the Counterclaims, or knew of the same and did not object thereto, they have acquiesced in such transactions and cannot maintain their claims.

### ELEVENTH AFFIRMATIVE DEFENSE

Some or all of the Counterclaim Plaintiffs' claims are barred by the doctrine of laches.

### TWELFTH AFFIRMATIVE DEFENSE

Some of the Counterclaim Plaintiffs lack standing to assert some or all of the claims alleged against the Counterclaim Defendants.

<u>THIRTEEN AFFIRMATIVE DEFENSE</u>

Some or all of the claims asserted by the Counterclaim Plaintiffs are barred by the applicable statute of limitations.

<u>FOURTEENTH AFFIRMATIVE DEFENSE</u>

The Counterclaim Defendants will rely upon such other and further defenses as may become available or apparent during discovery or otherwise and hereby reserve the right to amend this Reply To Counterclaims and to assert any such defense by appropriate motion.

WHEREFORE, counterclaim defendants OAD LLC and Michael Gray respectfully request that the Court: (i) enter judgment in their favor on all counterclaims asserted against them in the captioned action; and (ii) grant them such other relief as the Court deems just and proper.

<u>COUNTERCLAIM DEFENDANTS OAD LLC AND MICHAEL GRAY REQUEST A TRIAL BY JURY ON ALL ISSUES SO TRIABLE</u>

OAD LLC and MICHAEL GRAY

By their attorneys,

CRAIG AND MACAULEY
  PROFESSIONAL CORPORATION

March 25, 2005      /s/Brendan C. Recupero
                    Martin P. Desmery (BBO# 550133)
                    Brendan C. Recupero (BBO# 645032)
                    Craig and Macauley
                      Professional Corporation
                    Federal Reserve Plaza
                    600 Atlantic Avenue
                    Boston, Massachusetts 02210
                    (617) 367-9500

- 11 -

CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by U.S. Mail on March 25, 2005.

/s/Brendan C. Recupero

- 11 -