UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| OAD, LLC, <br><br> Plaintiff, <br><br> v. <br><br> SYDNEY, INC., d/b/a OAD MIDWEST, WALSTROM GROUP, INC., GARY W. WALSTROM, and CECILIA BRUENING, <br><br> Defendants. | CIVIL ACTION NO. 05-10150 (RCL) |
| SYDNEY, INC., d/b/a OAD MIDWEST, WALSTROM GROUP, INC., GARY W. WALSTROM, and CECILIA BRUENING, individually and derivatively on behalf of OAD, LLC, <br><br> Plaintiffs-in-counterclaim, <br><br> v. <br><br> OAD, LLC, and MICHAEL GRAY, <br><br> Defendants-in-counterclaim. |  |

**JOINT STATEMENT OF THE PARTIES
IN ADVANCE OF SCHEDULING CONFERENCE**

As requested by this Court in its Notice of Scheduling Conference and Additional Matters dated February 15, 2005, the parties to the above-captioned case hereby state as follows:

I.   SUMMARY OF THE PARTIES' POSITIONS.

The plaintiff in the original action, OAD, LLC ("OAD"), has brought suit against the Defendants Sydney, Inc., d/b/a OAD Midwest ("Sydney"), the Walstrom Group, Inc. (the

{B0395478; 2}

"Walstrom Group"), Gary W. Walstrom (Walstrom), and Cecilia Bruening (Bruening), (collectively the "Defendants"). The action was originally filed in the Massachusetts Superior Court for the County of Plymouth, from which Defendants removed the case to this Court. Plaintiff has not yet challenged the removability of the case.

OAD is in the business of conducting personnel and organizational survey and training management in the interpretation and application of such surveys. See Amended Complaint and Jury Demand (the "Complaint") ¶ 8. Defendants Walstrom and Sydney are the former and current minority shareholders, respectively, of twenty-three percent (23%) of OAD's equity stock. Defendants Walstrom and Bruening are the sole shareholders of Defendants Walstrom Group and Sydney, respectively. Defendant Walstrom Group is the former Master Distributor for OAD and Sydney is a former Distributor for OAD.

OAD's Complaint alleges that Defendants breached contracts with OAD by conducting competing business activities and by failing to remit revenues collected for OAD's benefit. OAD further alleges that Defendant Walstrom, by engaging in these activities, breached a fiduciary duty to OAD by virtue of his status as a "member and manager" of OAD. Finally, OAD alleges that in the course of these activities, Defendant Walstrom made allegedly defamatory statements to current or former customers with whom OAD had done business. The Complaint sets forth six counts against the Defendants on the basis of the foregoing allegations: (1) declaratory judgment, (2) breach of contract, (3) breach of fiduciary duty by Walstrom, (4) promissory estoppel, (5) defamation, and (6) injunctive relief.

Defendants deny that they have breached any contracts with Plaintiff. Defendants maintain that in the course of their duties as Master Distributor and Distributor, they consistently and faithfully completed their obligations under those relationships. Defendant Walstrom

maintains that, as a former shareholder of Plaintiff, he never engaged in the competing or soliciting alleged in the Complaint, and thus never failed any fiduciary duty he may have owed Plaintiff. Walstrom does not concede he was ever a fiduciary of Plaintiff. Defendant Walstrom also maintains that he did not make the statements Plaintiff alleges were defamatory, and that the alleged statements were not, in fact, defamatory.

On February 10, 2005, the Defendants in the original action filed their Answer to Plaintiff OAD's Amended Complaint ("Defendants' Answer"), two Counterclaims against OAD as direct claims, and a derivative claim against Michael Gray ("Gray") on behalf of OAD as current and former shareholders of OAD. The direct Counterclaims allege that OAD failed to remunerate Defendants Sydney and Walstrom Group under their applicable contracts, thereby breaching those contracts. The direct Counterclaims also seek an accounting of OAD's business records. The derivative Counterclaim alleges that Gray, as majority shareholder and managing partner of OAD, oppressed the rights of the minority shareholders (Walstrom and Sydney), and thus breached his (Gray's) fiduciary obligations to OAD. The derivative Counterclaim further alleges that Gray withdrew funds from OAD with no legitimate corporate purpose, thereby engaging in impermissible self-dealing.

OAD and Gray, as Defendants-in-counterclaim, filed their Reply to Counterclaims of Counterclaim Defendants OAD LLC and Michael Gray (the "Reply") on March 25, 2005. In their Reply, Defendants denied the Counterclaim allegations of breach of contract and self-dealing. Additionally, the Reply claims that the Defendants' purported derivative claim fails due to the Defendants' failure to comply with the dictates of Mass. Gen. L. ch. 156D, §§ 7.40 through 7.47.

{B0395478; 2}

II.  AGENDA FOR SCHEDULING CONFERENCE:

The parties propose the following agenda for the scheduling conference on April 14, 2005, at 2:30 p.m.:

1. Assignment to Magistrate Judge.

2. Alternative dispute resolution prospects.

3. Settlement prospects.

4. Discovery schedule.

5. Other matters.

III.  PROPOSED DISCOVERY SCHEDULE

The parties propose the following discovery plan:

A.  Automatic Disclosures: The parties will exchange automatic disclosures on or before May 17, 2005.

B.  Interrogatories and Document Requests: All Interrogatories and Document Requests (with the exception of the supplemental document requests discussed in Paragraph C, below) shall be served on or before October 28, 2005, with responses thereto due as provided by Rules 33 and 34 of the Federal Rules of Civil Procedure.

C.  Non-Expert Depositions: All Depositions of parties and fact witnesses shall be completed and related supplemental document requests, if any, issued on or before February 28, 2006.

D.  Requests for Admissions: All requests for admissions shall be served on or before March 31, 2006, with responses thereto due as provided by Fed. R. Civ. P. 36.

4

  E.  Expert Disclosures: Designations of expert witnesses and related disclosures shall be made as provided in Fed. R. Civ. P. 26(a)(2)(C).

  F.  Expert Depositions: All expert witness depositions, if any, shall be completed on or before thirty days prior to the trial date.

The parties have agreed that discovery be conducted pursuant to the guidelines set forth in Local Rule 26.1(C). Each party shall reserve the right to seek by motion additional discovery, with good cause shown.

IV. PROPOSED SCHEDULE FOR THE FILING OF MOTIONS

  A.  Amendments And Joinders: All motions seeking either to amend a pleading or to add a party to this proceeding shall be filed by July 1, 2005.

  B.  Dispositive Motions: All dispositive motions shall be filed on or before May 31, 2006.

  C.  Injunction: OAD filed a motion for a preliminary injunction in state court just prior to the removal of this action by the Defendants. OAD is currently considering whether to pursue its prior request for injunctive relief in the federal forum. If determined to be necessary, OAD will file such a motion on or before May 30, 2005.

V. PRETRIAL CONFERENCE:

The parties expect that the case will be ready for a final pretrial conference in the Fall of 2006.

VI. TRIAL BY MAGISTRATE:

At this time, the parties are not prepared to consent to trial by a Magistrate Judge.

{B0395478; 2}

VII.  CERTIFICATIONS BY ALL PARTIES AND COUNSEL

Counsel for the parties has conferred with their respective clients concerning establishing a budget for litigation and the use of Alternative Dispute Resolution. The parties will submit their certifications required by Local Rule 16.1(D)(3).

                                                  Respectfully submitted,

                                                  OAD, LLC as Plaintiff, and OAD LLC and Michael Gray, as Defendants-in-counterclaim

                                                  By their attorneys,

                                                  CRAIG AND MACAULEY
                                                    PROFESSIONAL CORPORATION

                                                  /s/ Daniel C. Reiser
                                                  Martin P. Desmery, (BBO# 550133)
                                                  mdesmery@craigmacauley.com
                                                  Daniel C. Reiser (BBO# 638204)
                                                  reiser@craigmacauley.com
                                                  Craig and Macauley
                                                   Professional Corporation
                                                  Federal Reserve Plaza
                                                  600 Atlantic Avenue
                                                  Boston, MA 02210
                                                  (617) 367-9500

{B0395478; 2}

SYDNEY, INC., d/b/a OAD MIDWEST, WALSTROM GROUP, INC., GARY W. WALSTROM, and CECILIA BRUENING, as Defendants and Plaintiffs-in-counterclaim,

By their attorneys,

/s/ Nicholas M. O'Donnell
Nicholas M. O'Donnell (Board of Bar Overseers
  Number 657950)
Ira K. Gross (Board of Bar Overseers
  Number 212720)
igross@sandw.ccom
nodonnell@sandw.com
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, MA  02109
(617) 338-2800

7

{B0395478; 2}